

JONATHON HOWARD BECK
REG. NO. 12643-509
FCI BENNETTSVILLE
FEDERAL CORR. INSTITUTION
P.O. BOX 52020
BENNETTSVILLE, SC 29512

January 06, 2026

Mr. David J. Smith
Clerk of Court
U.S. Court of Appeals
for the Eleventh Circuit
56 Forsyth St., N.W.
Atlanta, Georgia 30303

RE:   *Jonathon Beck v. USA*
      Appeal No. 24-12543-CC
      District Court Docket No: 1:24-cv-00016-CG-B
      Secondary Case Number: 1:20-cr-00137-CG-B

Dear Mr. Smith:

Enclosed please find and accept for filing Movant-Appellant's Reply Brief. Please submit this brief to the Court.

Thank you for your assistance in this matter.

Sincerely,

JONATHON HOWARD BECK
Appearing *Pro Se*

*Encl. as noted*

IN THE UNITED STATES COURT OF APPEALS
FOR THE ELEVENTH CIRCUIT

No. 24-12543 *CC*

JONATHON HOWARD BECK,

Movant-Appellant,

v.

UNITED STATES OF AMERICA,

Respondent-Appellee.

**APPELLANT'S REPLY BRIEF**

Appeal from the United States District Court
For the Southern District of Alabama, Mobile Division
Civil No. 1:24-cv-00016-CG-B / Crim. No. 1:20-cr-00137-CG-B-1
The Honorable Callie V. S. Granade, Senior U.S. District Judge Presiding

JONATHON HOWARD BECK
REG. NO. 12643-509
FCI BENNETTSVILLE
FEDERAL CORR. INSTITUTION
P.O. BOX 52020
BENNETTSVILLE, SC 29512
Appearing *Pro Se*

IN THE UNITED STATES COURT OF APPEALS
FOR THE ELEVENTH CIRCUIT

No. 24-12543

JONATHON HOWARD BECK,

Movant-Appellant,

v.

UNITED STATES OF AMERICA,

Respondent-Appellee.

**APPELLANT'S REPLY BRIEF**

Appeal from the United States District Court
For the Southern District of Alabama, Mobile Division
Civil No. 1:24-cv-00016-CG-B / Crim. No. 1:20-cr-00137-CG-B-1
The Honorable Callie V. S. Granade, Senior U.S. District Judge Presiding

>JONATHON HOWARD BECK
>REG. NO. 12643-509
>FCI BENNETTSVILLE
>FEDERAL CORR. INSTITUTION
>P.O. BOX 52020
>BENNETTSVILLE, SC 29512
>Appearing *Pro Se*

## **STATEMENT REGARDING ORAL ARGUMENT**

Because he was not granted an evidentiary hearing in the district court, Movant-Appellant Beck respectfully requests oral argument to materially assist this Court in understanding the factual evidence before it, and in applying the law. Further, oral argument is requested because a man's liberty is at stake and oral argument would substantially aid the Court in the decisional process.

# TABLE OF CONTENTS

STATEMENT REGARDING ORAL ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . i

TABLE OF CONTENTS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ii

TABLE OF AUTHORITIES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . iv

ISSUE PRESENTED FOR REVIEW . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

    I.    Beck Is a *Pro Se* Litigant; His Pleadings Must Be Liberally Construed, and § 2255(b) Requires a Hearing Unless the Record Conclusively Forecloses Relief . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

    II.    The District Court Abused Its Discretion by Denying an Evidentiary Hearing Because Beck Alleged Specific Facts of Plea-Counsel Coercion and Misadvice Are Not Conclusively Refuted by the Record . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

        A.    The Government Overreads the Plea Colloquy; Supreme Court and Eleventh Circuit Precedent Reject Summary Denial Where Off-the-Record Coercion/Misadvice Is Plausibly Alleged . . . 3

        B.    Beck's Concrete, Time-Specific Coercion Allegations Create a Credibility Dispute That Cannot Be Resolved on Paper . . . . . 6

        C.    The Drug-Quantity and Lab-Results Uncertainty Underscores Why a Hearing Is Needed on Counsel's Advice About Sentencing Exposure. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

        D.    The Government's "No Prejudice" Argument Misapplies the Plea-Prejudice Standard. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

CONCLUSION. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

CERTIFICATE OF COMPLIANCE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

CERTIFICATE OF SERVICE. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

# TABLE OF AUTHORITIES

**Cases**

*Aron v. United States*, 291 F.3d 708 (11th Cir. 2002) . . . . . . . . . . . . . . . . . . 2, 5, 6

*Blackledge v. Allison*, 431 U.S. 63 (1977) . . . . . . . . . . . . . . . . . . . . . . . . . 2, 4, 7, 9

*Erickson v. Pardus*, 551 U.S. 89 (2007) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

*Fontaine v. United States*, 411 U.S. 213 (1973) . . . . . . . . . . . . . . . . . . . . . . . . . 4

*Haines v. Kerner*, 404 U.S. 519 (1972) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

*Hill v. Lockhart*, 474 U.S. 52 (1985) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7, 8

*Ivory v. United States*, 153 F.4th 1358 (11th Cir. 2025) . . . . . . . . . . . . . . . . . . . 8

*Lee v. United States*, 582 U.S. 357 (2017) . . . . . . . . . . . . . . . . . . . . . . . . . . . 4, 5

*Machibroda v. United States*, 368 U.S. 487 (1962) . . . . . . . . . . . . . . . . . . . . . . 8

*Martin v. United States*, 949 F.3d 662 (11th Cir. 2020) . . . . . . . . . . . . . . . . 2, 5, 6

*Osley v. United States*, 751 F.3d 1214 (11th Cir. 2014) . . . . . . . . . . . . . . . . . . . 7

*Strickland v. Washington*, 466 U.S. 668 (1984) . . . . . . . . . . . . . . . . . . . . . . . . 8

*Tannenbaum v. United States*, 148 F.3d 1262 (11th Cir. 1998) . . . . . . . . . . . . . 1

*United States v. Buckles*, 843 F.2d 469 (11th Cir. 1988) . . . . . . . . . . . . . . . . . . 5

*United States v. Medlock*, 12 F.3d 185 (11th Cir. 1994) . . . . . . . . . . . . . . . . . . 3

*Winthrop-Redin v. United States*, 767 F.3d 1210 (11th Cir. 2014) . . . . . . . . . . . 1

## Statutes and Rules

28 U.S.C. § 2255 .................................................. 1

28 U.S.C. § 2255(b) ................................. 1, 3, 4, 5, 6, 7, 9

**ISSUE PRESENTED FOR REVIEW**

Whether the district court abused its discretion by denying Beck's 28 U.S.C. § 2255 motion without an evidentiary hearing where Beck alleged specific, sworn facts that plea counsel coerced him into pleading guilty and misadvised him about trial options and sentencing exposure, and where those allegations are not conclusively refuted by the record.

**ARGUMENT**

**I.      Beck is *pro se*; his pleadings must be liberally construed, and § 2255(b) requires a hearing unless the record conclusively forecloses relief.**

Beck proceeds *pro se*. His filings must be liberally construed and held to "less stringent standards than formal pleadings drafted by lawyers." *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998)(per curiam) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)); see also, *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam).

That principle matters here because the question is not whether Beck has already proven his ineffective-assistance claim on a paper record. The question is whether his sworn allegations must be tested at a hearing. Section 2255(b) answers that question: the district court "shall" grant a prompt hearing unless "the motion and the files and records of the case conclusively show that the prisoner is entitled to no

1

relief." 28 U.S.C. § 2255(b). A hearing is required when a movant alleges "reasonably specific, non-conclusory facts that, if true, would entitle him to relief." *Aron v. United States*, 291 F.3d 708, 714–15 (11th Cir. 2002).

Summary denial is proper only when the allegations are "patently frivolous," "based upon unsupported generalizations," or "affirmatively contradicted by the record." *Winthrop-Redin v. United States*, 767 F.3d 1210, 1216 (11th Cir. 2014); *accord Martin v. United States*, 949 F.3d 662, 670 (11th Cir. 2020).

The Government's response effectively asks this Court to treat Beck's plea-colloquy answers as conclusively defeating any later claim of off-the-record coercion or misadvice. See Gov. Br. 14–18 (arguing the record "unambiguously contradicts" both prongs and that Beck's declaration is "self-serving"). That is not the law. A plea transcript is powerful evidence, but it is not a substitute for a hearing where a movant alleges concrete, time-specific facts showing that counsel's coercion or misadvice occurred off the record and directly induced the plea. See *Blackledge v. Allison*, 431 U.S. 63, 75–76 (1977); *Machibroda v. United States*, 368 U.S. 487, 495–96 (1962).

## II. **The district court abused its discretion by denying a hearing because Beck alleged specific facts of coercion and misadvice that are not conclusively refuted by the plea record.**

The government frames this case as turning "substantially on Beck's responses during his plea colloquy." That framing ignores the governing hearing standard and misreads the Supreme Court's and this Court's plea-colloquy precedents.

### A. The Government Overreads the Plea Colloquy; Supreme Court and Eleventh Circuit Precedent Reject Summary Denial Where Off-the-Record Coercion/Misadvice Is Plausibly Alleged.

The Government frames this appeal as turning "substantially on Beck's responses during his plea colloquy." (Gov't Br. ii). It repeats that theme in its merits argument, insisting that Beck "remains bound" by his plea-colloquy answers and that his later declaration is merely "self-serving." (Gov't Br. 18–20).

That approach overreads what a plea colloquy can do at the § 2255(b) hearing stage. It is true that statements made under oath at a Rule 11 colloquy carry a "strong presumption" of truthfulness. See *United States v. Medlock*, 12 F.3d 185, 187 (11th Cir. 1994). But *Medlock* and similar cases do not create an automatic "colloquy wins" rule that permits summary denial whenever a movant later alleges coercion or misadvice occurring outside the courtroom. The Supreme Court has long rejected that categorical approach.

3

In *Blackledge v. Allison*, the Court acknowledged that plea-colloquy answers are a "formidable barrier" in collateral proceedings, but emphasized they are not insurmountable, particularly where the petitioner alleges specific facts showing that off-the-record threats, promises, or misinformation induced the plea. 431 U.S. 63, 74–76 (1977). *Blackledge* explained that courts should not order "indiscriminate hearings," *Id.* at 71, but it equally made clear that the proper question is whether the record conclusively defeats the claim—because credibility disputes about what occurred outside the courtroom often cannot be decided "on the paper record alone." *Id.* at 75–76.

That is precisely why the Court in *Machibroda v. United States* held that a district court could not deny relief without a hearing where the defendant alleged off-the-record threats/promises surrounding his plea: disputes about what counsel said and did outside the courtroom are not resolved simply because the defendant gave standard answers during the plea colloquy. 368 U.S. 487, 494–96 (1962). And in *Fontaine v. United States*, the Court again rejected summary dismissal notwithstanding plea proceedings because the allegations—if true—undermined voluntariness and required factual development. 411 U.S. 213 (1973).

The Eleventh Circuit's § 2255(b) hearing standard follows the same rule. A hearing is required when the movant alleges "reasonably specific, nonconclusory

4

facts" that, if true, would entitle him to relief and are not "affirmatively contradicted by the record." *Aron v. United States*, 291 F.3d 708, 714–15 (11th Cir. 2002). Summary denial is appropriate only when allegations are patently frivolous, generalized, or conclusively refuted. See *Winthrop-Redin v. United States*, 767 F.3d 1210, 1216 (11th Cir. 2014); *Martin v. United States*, 949 F.3d 662, 670 (11th Cir. 2020).

The Government relies heavily on plea-withdrawal precedent about ordinary "pressures" of pleading guilty, see (Gov't Br. 19) (citing *United States v. Buckles*, 843 F.2d 469 (11th Cir. 1988)), but *Buckles* does not displace § 2255(b) or the hearing cases. Nor does the Government's reliance on *Riolo* and "third-party affidavit" language create a new prerequisite to a hearing. (Gov't Br. 19).

Section 2255(b) asks whether the record "conclusively" forecloses relief—not whether the inmate has already gathered third-party affidavits from prison. Where, as here, the alleged coercion and misadvice are uniquely within the knowledge of plea counsel and the defendant, the proper mechanism for testing credibility is an evidentiary hearing, not summary denial.

Here, Beck alleged precisely the kind of outside-the-record conduct that requires live testimony to assess: he claimed counsel told him they had to be in court in "15 minutes," that he would be "forced to go to trial" if he did not accept the plea,

5

and that he would receive a "life sentence" if he went to trial. (Gov't Br. 8; 19–20).

Those are not vague "unsupported generalizations." They are concrete, time-specific allegations—classic hearing territory under § 2255(b) and *Aron*.

    B.    <u>Beck's Concrete, Time-Specific Coercion Allegations Create a Credibility Dispute That Cannot Be Resolved on Paper.</u>

Beck's sworn declaration alleged that counsel told him they "had to be in court in 15 minutes," that he "would be forced to go to trial" if he did not accept the plea immediately, and that he faced "life imprisonment" if he refused. (Appellant's Br. at 12; Gov't Br. at 15–16). Those facts, if true, establish both deficient performance and a plea not entered knowingly or voluntarily. Under *Aron v. United States*, 291 F.3d 708, 715 (11th Cir. 2002), and *Machibroda v. United States*, 368 U.S. 487, 495–96 (1962), such specific, time-linked claims create a credibility dispute that cannot be resolved on paper.

The Government dismisses these allegations as "self-serving and conclusory" (Gov't Br. 16–17), but Eleventh Circuit precedent draws a sharp line between conclusory claims and those like Beck's, which are supported by specific circumstances. See *Winthrop-Redin v. United States*, 767 F.3d 1210, 1216 (11th Cir. 2014) (hearing required when claim is based on specific, non-conclusory facts); *Martin v. United States*, 949 F.3d 662, 670 (11th Cir. 2020) (same).

The district court effectively resolved the credibility issue in the Government's favor—an abuse of discretion under § 2255(b), which entrusts such disputes to an evidentiary hearing, not summary dismissal. See *Blackledge v. Allison*, 431 U.S. 63, 75–76 (1977).

      C.    The Drug-Quantity and Lab-Results Uncertainty Underscores Why a Hearing Is Needed on Counsel's Advice About Sentencing Exposure.

The Government's argument that Beck's plea was "fully informed" (Gov't Br. 18–19) is belied by the plea record itself. At the plea hearing, the court acknowledged that the "drug amount may be somewhat up in the air" because the DEA lab report had been waived, and the prosecutor referenced footnote one of the factual résumé to explain the uncertainty. (Appellant's Br. at 15; Plea Tr. 26–27). Those statements confirm that drug quantity—the central determinant of Beck's sentencing exposure—remained unresolved at the time of the plea.

Beck's allegation that counsel rushed him into pleading without reviewing the lab results or explaining the impact on his statutory minimum sentence therefore directly undermines the voluntariness of the plea. When a plea turns on inaccurate or incomplete advice about sentencing exposure, a defendant has shown deficient performance under *Hill v. Lockhart*, 474 U.S. 52, 56–59 (1985), and *Osley v. United States*, 751 F.3d 1214, 1222 (11th Cir. 2014). The district court could not decide

7

whether Beck's claim was credible without a hearing from plea counsel.

### D. The Government's "No Prejudice" Argument Misapplies the Plea-Prejudice Standard.

The Government's fallback position—that Beck cannot show prejudice because the evidence was "overwhelming" and the plea secured "significant benefits" (Gov't Br. 20–21)—ignores the correct standard. The prejudice inquiry in a plea-IAC case asks whether "there is a reasonable probability that, but for counsel's errors, the defendant would not have pleaded guilty and would have insisted on going to trial." *Hill*, 474 U.S. at 59. It does not ask whether the defendant's decision to go to trial would have been wise, nor whether the Government's case was strong. See *Lee v. United States*, 582 U.S. 357, 364–66 (2017).

Beck's contemporaneous statements at sentencing—that he "was not sure [he] completely understood" the firearm charge when he signed the plea—are precisely the kind of "objective evidence" that support prejudice under *Lee*. They corroborate his claim that counsel's misadvice and pressure distorted his decision-making process. Because these facts, if true, would satisfy both *Strickland* prongs, the district court abused its discretion by denying a hearing. See *Ivory v. United States*, 153 F.4th 1358, 1363 (11th Cir. 2025) (hearing required where plea-counsel misadvice not conclusively refuted by record).

8

## CONCLUSION

Beck presented specific, sworn, and corroborated allegations that, if true, establish that his plea was coerced and uninformed. The plea record and sentencing remarks do not conclusively refute those allegations; they reinforce the need for a factual hearing. Under *Aron*, *Winthrop-Redin*, and *Blackledge*, the district court was required to hold an evidentiary hearing. Its failure to do so was an abuse of discretion.

Beck respectfully requests that this Court vacate the order denying his § 2255 motion and remand for an evidentiary hearing on his ineffective-assistance and involuntary-plea claims.

Respectfully submitted,

Dated: January 06, 2026.

JONATHON HOWARD BECK
REG. NO. 12643-509
FCI BENNETTSVILLE
FEDERAL CORR. INSTITUTION
P.O. BOX 52020
BENNETTSVILLE, SC 29512
Appearing *Pro Se*

## CERTIFICATE OF COMPLIANCE

This brief complies with the type-volume limitation of Fed. R. App. P. 32(a)(7)(B) because this brief contains **1769** words, excluding the parts of the brief exempted by Fed. R. App. P. 32(f).

This brief complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements for Fed. R. App. P. 32(a)(6) because this brief has been prepared in a proportionally spaced typeface using Word Perfect X8, 14-point Times New Roman font.

_____
JONATHON HOWARD BECK

## CERTIFICATE OF SERVICE

I hereby certify that on January 6, 2026, I sent via U. S. Mail, postage prepaid, a true and correct copy of the Appellant's Reply Brief to Scott A. Gray, U. S. Attorney at DOJ - U.S. Attorney's Office, Southern District of Alabama, 63 S. Royal St., Ste. 600, Mobile, AL 36602.

_____
JONATHON HOWARD BECK

10

Jonathan Beck
#12643-509
FCI Bennettsville
P.O. Box 52020
Bennettsville, SC
29512

  

CLEARED SECURITY
JAN 27 2026
U.S. MARSHALS SERVICE
11th Circuit Court of Appeals (HAV)

Mr. David J. Smith Clerk of Court
U.S. Court of Appeals for the 11th Circuit
56 Forsyth St. N.W.
Atlanta Georgia 30303